Jason A. Geller (SBN 168149)
E-Mail: jgeller@fisherphillips.com
Juan C. Araneda (SBN 213041)
E-Mail: jaraneda@fisherphillips.com
Jessica A. Taylor (SBN 301708)
E-Mail: jataylor@fisherphillips.com
FISHER & PHILLIPS LLP
One Montgomery Street, Suite 3400
San Francisco, California 94104
Telephone: (415) 490-9000
Facsimile: (415) 490-9001

Attorneys for Defendants
WALMART INC. and WAL-MART ASSOCIATES, INC.

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANA ANGUIANO-TAMAYO,<br><br>                    Plaintiff,<br><br>     v.<br><br>WALMART INC.; WAL-MART ASSOCIATES, INC., and DOES 1 to 20, inclusive,<br><br>                    Defendants. | Case No:<br><br>*[Previously assigned to the Honorable Patrick Broderick of the Sonoma County Superior Court; Case No. SCV-273505]*<br><br>**DEFENDANTS WALMART INC. AND WAL-MART ASSOCIATES, INC.'S NOTICE OF PETITION FOR REMOVAL OF ACTION PURSUANT TO 28 U.S.C. §§ 1332, 1441 AND 1446 (DIVERSITY JURISDICTION)**<br><br>State Complaint: June 15, 2023 |

## <u>NOTICE OF REMOVAL</u>

Pursuant to 28 U.S.C. sections 1332, 1441 and 1446, Defendants WALMART INC. and WAL-MART ASSOCIATES, INC. (collectively "Defendants"), by and through their attorneys of record, hereby remove the above-entitled action from the Superior Court of the State of California in and for the County of Sonoma, to the United States District Court for the Northern District of California, on the following grounds:

## <u>BASIS FOR REMOVAL - DIVERSITY OF CITIZENSHIP</u>

1.    On June 15, 2023, Plaintiff Ana Anguiano-Tamayo ("Plaintiff") filed a Complaint in the

FP 47686280.1

Superior Court for the State of California in and for the County of Sonoma styled *Ana Anguiano-Tamayo v. Walmart Inc., et al.* Case No. SCV-273505.

2. Removal of a case to federal court is governed in part by 28 U.S.C section 1441, which generally allows removal of "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a).

3. Pursuant to 28 U.S.C. section 1332, the United States District Court for the Northern District of California has original jurisdiction over the parties and the subject matter of this action because it is an action arising in Sonoma County, the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs, and it is an action between citizens of different states. 28 U.S.C. §§ 1332(a), 1441. *See also* L.R. 3-2(f).

4. A copy of Plaintiff's Complaint, filed in the Superior Court of the State of California, County of Sonoma, along with a copy of the Summons and all other materials served on Defendants by Plaintiff are attached hereto as **Exhibit 1**. A true and correct copy of the Answer to the Complaint filed by Defendants in the Sonoma County Superior Court on July 19, 2023, is attached hereto as **Exhibit 2**. Defendants are informed and believe that the documents provided in Exhibits 1 and 2 constitute the operative pleadings in the state court case file in this matter.

5. Defendant Wal-Mart Associates, Inc., is a Delaware corporation, with its principal place of business in Arkansas. (Taylor Decl., ¶2, Exh. A.) Wal-Mart Associates, Inc. maintains its executive office in Arkansas, and the management of Wal-Mart Associates, Inc.'s operations and finances is performed in Arkansas. (*Id*.)

6. Defendant Walmart Inc., is a Delaware corporation, with its principal place of business in Arkansas. (Taylor Decl., ¶2, Exh. A.) Walmart Inc., maintains its executive office in Arkansas, and the management of Walmart Inc.'s operations and finances is performed in Arkansas. (*Id*.)

7. The unnamed defendants designated Does 1 to 10 in Plaintiff's Complaint are fictitious defendants, and have not been served, to Defendants' knowledge. (S*ee* Complaint ¶4.) Un-served defendants need not join in the notice of removal. *See Emrich v. Touche Ross & Co.,* 846 F.2d 1190, 1193 n.1 (9th Cir. 1988). Additionally, the citizenship of fictitious defendants is disregarded for purposes of removal. 28 U.S.C. § 1441(b)(1).

FP 47686280.1

8.    Plaintiff is a citizen of California.  (Complaint ¶1.)  Accordingly, this action is between citizens of different states, specifically California and Arkansas/Delaware.  This complete diversity of citizenship existed at the time Plaintiff filed her Complaint and it exists at the time of this removal.

9.    As required by 28 U.S.C. section 1446(b), this petition is filed within thirty (30) days after Defendants were served with the Summons and Complaint.  Specifically, on June 22, 2023, Plaintiff served her Complaint upon Walmart Inc.'s agent for service of process (CT Corporation) in California, and on June 23, 2023, Plaintiff served her Complaint upon Wal-Mart Associate, Inc.'s agent for service of process (CT Corporation) in California.  (Taylor Decl., ¶3, Exh. B.)

**AMOUNT IN CONTROVERSY**

10.    Plaintiff alleges claims for damages that exceed $75,000.  As discussed further below, Plaintiff's Complaint seeks unspecified amounts of compensatory damages for lost earnings, employment benefits, and other damages.  (Complaint, ¶¶20, 26, 31, 37, 42, 47, 52 and Prayer for Relief.)  Plaintiff also seeks unspecified amounts of general damages for alleged emotional distress damages.  (Complaint, ¶¶ 21, 27, 32, 38, 43, 48, 52, and Prayer for Relief.)

11.    In cases where the state court complaint is silent or unclear as to the amount of damages sought by the plaintiff, a defendant must establish that the amount in controversy exceeds $75,000.  *Singer v. State Farm Mut. Auto. Ins. Co.,* 116 F.3d 373, 376 (9th Cir. 1997); *Gaus v. Miles, Inc.,* 980 F.2d 564, 566-67 (9th Cir. 1992).  The "amount in controversy" requirement is satisfied by setting forth, in the removal petition, underlying facts supporting defendants' assertion that the amount in controversy exceeds $75,000.  *Richmond v. Allstate Ins. Co.,* 897 F.Supp. 447, 450 (S.D. Cal. 1995).

12.    While Defendants deny any liability as to Plaintiff's claims, Defendants can satisfy their burden of showing that the jurisdiction threshold of $75,000 is in controversy.  *Sanchez*, 102 F.3d at 404.  "[That] burden is not 'daunting,' as courts recognize that under this standard, removing defendant is not obligated to 'research, state, and prove the plaintiff's claim for damages.'"  *Muniz v. Pilot Travel Centers LLC*, 2007 WL 1302504, *2 (E.D. Cal. May 1, 2007) (quoting *McCraw v. Lyons*, 863 F. Supp. 430, 434 (W.D. Ky. 1994)).  In determining the amount in controversy for purposes of assessing the propriety of a removal, a Court must assume that the allegations in the complaint are true and must assume that a jury will return a verdict for the plaintiff on all claims made in the Complaint.  *See, White v. FCI USA, Inc.,*

NOTICE OF PETITION FOR REMOVAL OF ACTION

319 F.3d 672, 674-76 (5th Cir. 2003). As set forth below, even a low estimate of what Plaintiff could recover if the jury ruled for her on all of her claims in the Complaint would unavoidably result in an overall recovery that would exceed $75,000.

13. Among the damages sought in Plaintiff's Complaint are damages for claims under the California Fair Employment and Housing Act ("FEHA") (i.e., discrimination, failure to prevent discrimination, harassment, failure to prevent harassment, retaliation, and failure to prevent retaliation), as well as a claim for wrongful termination in violation of public policy. If Plaintiff is successful on these claims, Plaintiff will be entitled to recover lost past and future earnings and related employee benefits. *See, Commodore Home Systems, Inc. v. Superior Court*, 21 Cal.3d 211, 221 (1982); *Parker v. Twentieth Century-Fox Film Corp.*, 3 Cal.3d 176, 181 (1970).

14. As noted, among the damages sought in Plaintiff's Complaint are claims for loss earnings and related employee benefits. Here, even if Plaintiff's rate of pay is assumed to be the current minimum wage rate in California of $15.50 per hour, this amount translates to wages in the amount of $32,240 per year ($15.50 per hour x 40 hours per week x 52 weeks per year). Plaintiff alleges that her employment was terminated in "late 2022". (Complaint, ¶9.) Thus, a very conservative estimate of Plaintiff's alleged backpay wage loss alone, not taking into account alleged lost benefits, at the time of removal is $19,840 ($15.50 per hour x 40 hours per week x 32 weeks since termination). Of course, this amount does not take into account any backpay that may continue to accrue through trial or future lost wages Plaintiff may claim.

15. Emotional distress damages are also considered in determining the amount in controversy. *See Kroske v. U.S. Bank Corp.* 432 F.3d 976, 980 (9th Cir. 2005) ("[T]he district court properly considered...emotional distress damage awards in similar age discrimination cases."). Further, a defendant may use damage awards in other cases to establish that the amount n controversy exceeds $75,000. *See Simmons*, 209 F. Supp. 2d at 1033. Emotional distress damages in employment discrimination cases in California generally exceed $50,000, and can be even more substantial, reaching and exceeding the jurisdictional minimum of $75,000 alone. *See, e.g., Wang v. Reese Scientific Corp.*, Dkt. No. CGC-13-528233, 2014 WL 5389950 (Cal. Super. Ct. S.F. June 9, 2014) (awarding plaintiff $166,302 for emotional distress damages on claims including discrimination and wrongful termination);

*Stallworth v. City of Los Angeles*, Dkt. BC341480, 2009 WL 2421975 (Cal. Super. Ct. L.A. July 24, 2009) (awarding $100,000 in emotional distress damages on race discrimination and retaliation claims); *Swinton v. Potomac Corp.*, 270 F.3d 794, 799 (9th Cir. 2001) (affirming award of $30,000 in emotional distress damages in employment discrimination case where back pay was only $5,612); *Velez v. Roche*, 335 F.Supp.2d 1022, 1038–40 (N.D. Cal. 2004) (surveying discrimination and retaliation cases awarding emotional distress damages and concluding "that substantial jury awards of hundreds of thousands of dollars for non-economic damages have been upheld where there is evidence...that the plaintiff suffered heightened mental anguish"). Thus, if Plaintiff is able to prove her claims at trial, it is reasonable to conclude that Plaintiff will seek, and a jury may award, in excess of $75,000 for emotional distress damages. Accordingly, the amount in controversy here clearly exceeds $75,000, especially when Plaintiff's lost wages damages are added to a potential recovery of emotional distress damages of at least $75,000.

16. Attorneys' fees (future and accrued) are also properly considered in calculating the amount in controversy for purposes of removal on grounds of diversity. *See Fritsch v. Swift Transp. Co. of Arizona, LLC,* 899 F.3d 785, 794 (9th Cir. 2018); *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998) (claims for statutory attorneys' fees to be included in the amount in controversy, regardless of whether such an award is discretionary or mandatory). Under California Government Code section 12965(b), the court in its discretion may award fees and costs to the "prevailing party" in Fair Employment and Housing Act lawsuits. Although the statute provides that the court "may" award fees, cases hold that a prevailing plaintiff is entitled to fees "absent circumstances that would render the award unjust." *Horsford v. Board of Trs. of Cal. State Univ.*, 132 Cal.App.4th 359, 394 (2005).

17. Defendants anticipate that depositions will be taken in this case and that Defendants may ultimately file Motions for Summary Judgment. Based on defense counsel's experience, attorneys' fees in employment discrimination cases generally will exceed $50,000, and will often exceed $100,000. Other courts have also noted that in individual employment cases, attorneys' fees alone can often exceed the jurisdictional minimum. *See, e.g., Simmons*, 209 F. Supp. 2d at 1035 (N.D. Cal 2002) ("The court notes that in its twenty-plus years' of experience, attorneys' fees in individual discrimination cases often exceed the damages."); *Haase v. Aerodynamics, Inc.*, No. 2:09-CV-01751-MCE- GG, 2009 WL

FP 47686280.1

3368519, at *5 (E.D. Cal. Oct. 19, 2009) (finding that "even a minimal award of attorneys' fees would cause the amount in controversy to exceed the jurisdictional minimum."). Thus, it is more likely than not that the fees incurred in this case will exceed at least $50,000 through discovery and a summary judgment hearing, and the fees would certainly exceed $100,000 if the case proceeds to trial. Accordingly, even assuming an attorneys' fees award of $50,000, the amount in controversy threshold of $75,000 would be easily surpassed when aggregating Plaintiff's claimed lost wages, emotional distress damages, and potential attorneys' fee award.

18.    With respect to Plaintiff's request for punitive damages, federal courts have noted that most punitive damage verdicts against larger corporations are substantial. *Richmond, supra,* 897 F.Supp. at 450-51; *see also Aucina v. Amoco Oil Co.* 871 F.Supp. 332, 334 (S.D. Iowa 1994) (concluding in a discrimination and wrongful termination case that the purpose of punitive damages is to capture the defendant's attention and to deter others from similar conduct and, thus, the plaintiff's claim for punitive damages could alone exceed the jurisdictional minimum). When one assumes, as is mandated in this analysis, that Plaintiff will prevail on all of her causes of action, and that the jury would award her punitive damages, it is hard to imagine that punitive damages would be less than $75,000.

19.    Based upon the foregoing, it is respectfully submitted that the amount in controversy exceeds $75,000, and that this action is properly removed to this Court.

## VENUE & INTRA-DISTRICT ASSIGNMENT

20.    Pursuant to 28 U.S.C. section 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." *See Polizzi v. Cowles Magazines, Inc.*, 345 U.S. 663, 666 (1953) (holding the venue of a removed action is governed by 28 U.S.C. section 1441(a) and is properly laid in the district embracing the place where the action is pending). This Court embraces the Sonoma County Superior Court, which is where Plaintiff's Complaint was originally filed and where the action is currently pending. Accordingly, this Court is the appropriate court to which to remove this action.

## NOTICE OF REMOVAL

21.    As required by 28 U.S.C. section 1446(d), a copy of the Notice of Petition for Removal

6
FP 47686280.1

will be attached to a pleading entitled Notice to Adverse Party and State Court of Removal of Action to Federal Court and promptly served on Plaintiff and filed with the Clerk of the Superior Court of the State of California, in and for the County of Sonoma.

22.    In compliance with 28 U.S.C. section 1446(a), true and correct copies of all "process, pleadings, and orders" from the State Court Action served upon Defendants or filed by Defendants are attached to this Notice of Petition for Removal as Exhibits 1–2.

## CONCLUSION

23.    Complete diversity of citizenship exists inasmuch as Plaintiff is a citizen of California and Defendants are both citizens of Delaware and Arkansas.  Furthermore, the amount in controversy exceeds $75,000.  Accordingly, this Court has diversity jurisdiction of this matter pursuant to 28 U.S.C. sections 1332, 1441, and 1446, and Defendants have properly removed the State Court Action to this Court.  Defendants reserve, and do not waive, any objections it may have to jurisdiction, venue, and any and all other defenses or objections to the action.

## PRAYER FOR REMOVAL

WHEREFORE, Defendants pray that the State Court Action be removed from the Superior Court of California, County of Sonoma, to the United States District Court for the Northern District of California.

Dated:  July 21, 2023                                        FISHER & PHILLIPS LLP

                                        By:    /s/ Jessica A. Taylor
                                               Jason A. Geller
                                               Juan C. Araneda
                                               Jessica A. Taylor
                                               Attorneys for Defendants
                                               WAL-MART ASSOCIATES, INC.

NOTICE OF PETITION FOR REMOVAL OF ACTION

FP 47686280.1

# Exhibit 1

**Wolters Kluwer**

**CT Corporation**
**Service of Process Notification**
06/23/2023
CT Log Number 544140902

## Service of Process Transmittal Summary

**TO:**  KIM LUNDY- EMAIL
Walmart Inc.
GLOBAL GOVERNANCE/CENTRAL INTAKE, 2914 SE I STREET MS#0200
BENTONVILLE, AR 72712-3148

**RE:**  **Process Served in California**

**FOR:**  Wal-Mart Associates, Inc.  (Domestic State: DE)

### ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:

| | |
|---|---|
| **TITLE OF ACTION:** | Re: TAMAYO ANA ANGUIANO- // To: Wal-Mart Associates, Inc. |
| **DOCUMENT(S) SERVED:** | Summons, Complaint, Cover sheet, Attachment(s), Notice(s), Stipulation and Order, Order |
| **COURT/AGENCY:** | Sonoma County Superior Court, CA<br>Case # SCV273505 |
| **NATURE OF ACTION:** | Employee Litigation - Wrongful Termination - Date of Termination - 03/22/2023 |
| **PROCESS SERVED ON:** | C T Corporation System, GLENDALE, CA |
| **DATE/METHOD OF SERVICE:** | By Process Server on 06/23/2023 at 12:42 |
| **JURISDICTION SERVED:** | California |
| **APPEARANCE OR ANSWER DUE:** | Within 30 days after service (Document(s) may contain additional answer dates) |
| **ATTORNEY(S)/SENDER(S):** | Lawrence W. Freiman<br>FREIMAN LEGAL<br>100 Wilshire Blvd., Ste. 700<br>Santa Monica, CA 90401<br>310-917-1004 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 06/24/2023, Expected Purge Date: 07/04/2023<br><br>Image SOP<br><br>Email Notification,  Grymarys De Jesus  grymarys.dejesus@walmart.com |
| **REGISTERED AGENT CONTACT:** | C T Corporation System<br>330 N BRAND BLVD<br>STE 700<br>GLENDALE, CA 91203<br>877-564-7529<br>MajorAccountTeam2@wolterskluwer.com |

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the

included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.

 Wolters Kluwer

# PROCESS SERVER DELIVERY DETAILS

**Date:**            Fri, Jun 23, 2023
**Server Name:**     Jimmy Lizama

| Entity Served | WAL-MART ASSOCIATES, INC. |
|---|---|
| Case Number | SCV-273505 |
| Jurisdiction | CA |

| Inserts | | |
|---|---|---|
| | | |



**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

| | |
|---|---|
| **NOTICE TO DEFENDANT:**<br>*(AVISO AL DEMANDADO):*<br><br>Walmart Inc.; Wal-Mart Associates, Inc.; and DOES 1 through 20, inclusive<br><br>**YOU ARE BEING SUED BY PLAINTIFF:**<br>*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*<br><br>Ana Anguiano-Tamayo | *FOR COURT USE ONLY*<br>*(SOLO PARA USO DE LA CORTE)*<br><br>**ELECTRONICALLY FILED**<br>Superior Court of California<br>County of Sonoma<br>6/15/2023 3:28 PM<br>By: Taylor Curtis, Deputy Clerk |

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):* Hall of Justice<br>600 Administration Dr.<br>Santa Rosa, CA 95403 | **CASE NUMBER:**<br>*(Número del Caso):* SCV-273505 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Lawrence W. Freiman, Esq. 100 Wilshire Blvd., Suite 700 Santa Monica, CA 90401 310-917-1004

| | | | |
|---|---|---|---|
| DATE: 6/15/2023 3:28 PM<br>*(Fecha)* | Robert Oliver | Clerk, by<br>*(Secretario)* Taylor Curtis | , Deputy<br>*(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):* WAL-MART ASSOCIATES, INC.

   under: ☒ CCP 416.10 (corporation)       ☐ CCP 416.60 (minor)
            ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
            ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
            ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

| | | |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465<br>www.courtinfo.ca.gov |

Lawrence W. Freiman, Esq. (SBN 288917)
lawrence@freimanlegal.com
FREIMAN LEGAL
100 Wilshire Blvd., Ste. 700
Santa Monica, CA 90401
Telephone: (310) 917-1004
Facsimile:  (310) 300-2603

*Counsel for Plaintiff Ana Anguiano-Tamayo*

**ELECTRONICALLY FILED**
**Superior Court of California**
**County of Sonoma**
**6/15/2023 3:28 PM**
**By: Taylor Curtis, Deputy Clerk**

## SUPERIOR COURT FOR THE STATE OF CALIFORNIA

## COUNTY OF SONOMA

| | |
|---|---|
| ANA ANGUIANO-TAMAYO, <br><br> Plaintiff, <br><br> v. <br><br> WALMART INC.; WAL-MART ASSOCIATES, INC.; and DOES 1 through 20, inclusive, <br><br> Defendants. | CASE NO.: SCV-273505 <br><br> **COMPLAINT FOR:** <br><br> 1. Discrimination in Violation of FEHA <br> 2. Failure to Prevent Discrimination (FEHA) <br> 3. Harassment in Violation of FEHA <br> 4. Failure to Prevent Harassment in Violation of FEHA <br> 5. Retaliation in Violation of FEHA <br> 6. Failure to Prevent Retaliation (FEHA) <br> 7. Wrongful Termination in Violation of Public Policy <br><br> **DEMAND FOR JURY TRIAL** |

Plaintiff ANA ANGUIANO-TAMAYO for her Complaint against Defendants WALMART INC.; WAL-MART ASSOCIATES, INC.; and DOES 1 through 20, inclusive, hereby complains and alleges as follows:

### PARTIES, JURISDICTION AND VENUE

1.     Plaintiff ANA ANGUIANO-TAMAYO was at all times relevant to the matters alleged in this complaint an individual with her residence in California.

COMPLAINT FOR DAMAGES

1

2. Defendant WALMART INC. is a Delaware Corporation with its principal place of business in California and at all times relevant to this Complaint was doing business in California.

3. Defendant WAL-MART ASSOCIATES, INC. is a Delaware Corporation with its principal place of business in California and at all times relevant to this Complaint was doing business in California.

4. Plaintiff is informed and believes and thereon alleges that the fictitiously-named Defendants sued herein as Does 1 through 20 inclusive, and each of them, are in some manner responsible for the occurrences, acts, and omissions alleged herein and that Plaintiff's damages were proximately caused by their conduct. The true names and capacities of such fictitiously-named Doe Defendants, whether individual, corporate, partnership, associate or otherwise, are presently unknown to Plaintiff, and Plaintiff will seek leave of the Court to amend this Complaint to assert the true names and capacities of such fictitiously-named Defendants when the same have been ascertained. For convenience, each reference to the named Defendant herein shall also refer to Does 1 through 20, inclusive.

5. Plaintiff is informed and believes and thereon alleges that in committing certain acts herein as alleged, some or all of the Defendants herein named were acting as the agents, joint ventures, partners, representatives, subsidiaries, affiliates and/or employees of some or all of the other Defendants, and that some or all of the conduct of such Defendants, as complained of herein, was within the course and scope of such relationship.

6. Pursuant to Article VI, Section 10 of the California Constitution, subject matter jurisdiction is proper in the Superior Court of California, County of Sonoma.

7. Pursuant to Section 395 of the California Code of Civil Procedure, venue is proper in the Superior Court of California for the County of Sonoma, because the Defendant conducted business in County of Sonoma, and the unlawful practices occurred in the County of Sonoma.

\\\

\\\

\\\ ·

\\\

COMPLAINT FOR DAMAGES

2

## FACTUAL BACKGROUND

8. Defendants were Plaintiff's employers.

9. On or about late 2022, Plaintiff requested and used pregnancy and maternity leave.

10. Defendants subjected Plaintiff to harassment on the basis of pregnancy, disability and request for/exercise of medical leave/baby bonding leave by engaging in belittling and demeaning actions towards Plaintiff.

11. Defendants were aware of the harassment and failed to prevent it.

12. Defendants discriminated against Plaintiff on the basis of pregnancy, disability and request for/exercise of medical leave/baby bonding leave, and as a result Plaintiff was subjected to adverse employment actions including, but not limited to, termination.

13. Defendants were aware of the discrimination and failed to prevent it.

14. Defendants retaliated against Plaintiff because Plaintiff reported/resisted the discrimination and requested and used pregnancy and maternity leave, and as a result, Plaintiff was subjected to adverse employment actions including, but not limited to, termination.

15. Defendants were aware of the retaliation and failed to prevent it.

16. Defendants terminated Plaintiff.

17. Plaintiff filed a charge with the California Department of Fair Employment and Housing and received a Notice of Right to Sue on March 22, 2023. Plaintiff has thus exhausted all necessary administrative remedies.

## FIRST CAUSE OF ACTION

### (Discrimination in Violation of FEHA)

### (As Against All Defendants)

18. Plaintiff re-alleges and incorporates by reference all paragraphs of this Complaint as though fully set forth herein.

19. Defendants' actions constitute discrimination in violation of the Fair Employment and Housing Act ("FEHA").

\\\

\\\

COMPLAINT FOR DAMAGES

3

20.    As a proximate result of the wrongful conduct of Defendants, Plaintiff has suffered and continues to suffer a loss in earnings and other employment benefits according to proof at time of trial.

21.    As a proximate result of the wrongful conduct of Defendants, Plaintiff has suffered humiliation, emotional distress and mental pain and anguish all to Plaintiff's damages in an amount according to proof at trial.

22.    In doing the acts herein alleged, Defendants acted with oppression, malice, and/or conscious disregard of Plaintiff's rights and Plaintiff is therefore entitled to punitive damages.

## SECOND CAUSE OF ACTION

### (Failure to Prevent Discrimination in Violation of FEHA)

### (As Against All Defendants)

23.    Plaintiff re-alleges and incorporates by reference all paragraphs of this Complaint as though fully set forth herein.

24.    Under FEHA, it is unlawful for an employer to fail to take all reasonable steps to prevent discrimination.

25.    Defendants had knowledge and/or reasonable notice of the discrimination that took place against Plaintiff and failed to prevent such.

26.    As a proximate result of the wrongful conduct of Defendants Plaintiff has suffered and continues to suffer a loss in earnings and other employment benefits according to proof at time of trial.

27.    As a proximate result of the wrongful conduct of Defendants, Plaintiff has suffered humiliation, emotional distress and mental pain and anguish all to her damage in an amount according to proof at trial.

28.    In doing the acts herein alleged, Defendants acted with oppression, malice, and/or conscious disregard of Plaintiff's rights and Plaintiff is therefore entitled to punitive damages.

\\\

\\\

\\\

## THIRD CAUSE OF ACTION

### (Harassment in Violation of FEHA)

### (As Against All Defendants)

29.     Plaintiff re-alleges and incorporates by reference all paragraphs of this Complaint as though fully set forth herein.

30.     Defendant's actions constitute harassment in violation of the Fair Employment and Housing Act ("FEHA").

31.     As a proximate result of the wrongful conduct of Defendant, Plaintiff has suffered and continues to suffer a loss in earnings and other employment benefits according to proof at time of trial.

32.     As a proximate result of the wrongful conduct of Defendant, Plaintiff has suffered humiliation, emotional distress and mental pain and anguish all to his damage in an amount according to proof at trial.

33.     In doing the acts herein alleged, Defendant acted with oppression, malice, and/or conscious disregard of Plaintiff's rights and Plaintiff is therefore entitled to punitive damages.

## FOURTH CAUSE OF ACTION

### (Failure to Prevent Harassment in Violation of FEHA)

### (As Against All Defendants)

34.     Plaintiff re-alleges and incorporates by reference all paragraphs of this Complaint as though fully set forth herein.

35.     Under FEHA, it is unlawful for an employer to fail to take all reasonable steps to prevent harassment.

36.     Defendant had knowledge and/or reasonable notice of the harassment that took place against Plaintiff and failed to prevent such.

37.     As a proximate result of the wrongful conduct of Defendant, Plaintiff has suffered and continues to suffer a loss in earnings and other employment benefits according to proof at time of trial.

\\\

38. As a proximate result of the wrongful conduct of Defendant, Plaintiff has suffered humiliation, emotional distress and mental pain and anguish all to his damages in an amount according to proof at trial.

39. In doing the acts herein alleged, Defendant acted with oppression, malice, and/or conscious disregard of Plaintiff's rights and Plaintiff is therefore entitled to punitive damages.

**FIFTH CAUSE OF ACTION**

**(Retaliation in Violation of FEHA)**

**(As Against All Defendants)**

40. Plaintiff re-alleges and incorporates by reference all paragraphs of this Complaint as though fully set forth herein.

41. Defendants' actions constitute retaliation in violation of the Fair Employment and Housing Act ("FEHA").

42. As a proximate result of the wrongful conduct of Defendants, Plaintiff has suffered and continues to suffer a loss in earnings and other employment benefits according to proof at time of trial.

43. As a proximate result of the wrongful conduct of Defendants, Plaintiff has suffered humiliation, emotional distress and mental pain and anguish all to her damage in an amount according to proof at trial.

44. In doing the acts herein alleged, Defendants acted with oppression, malice, and/or conscious disregard of Plaintiff's rights and Plaintiff is therefore entitled to punitive damages.

**SIXTH CAUSE OF ACTION**

**(Failure to Prevent Retaliation in Violation of FEHA)**

**(As Against All Defendants)**

45. Plaintiff re-alleges and incorporates by reference all paragraphs of this Complaint as though fully set forth herein.

46. Defendants' actions constitute failure to prevent retaliation in violation of the Fair Employment and Housing Act ("FEHA").

\\\

47.     As a proximate result of the wrongful conduct of Defendants, Plaintiff has suffered and continues to suffer a loss in earnings and other employment benefits according to proof at time of trial.

48.     As a proximate result of the wrongful conduct of Defendants, Plaintiff has suffered humiliation, emotional distress and mental pain and anguish all to his damage in an amount according to proof at trial.

49.     In doing the acts herein alleged, Defendants acted with oppression, malice, and/or conscious disregard of Plaintiff's rights and Plaintiff is therefore entitled to punitive damages.

## SEVENTH CAUSE OF ACTION

### (Wrongful Termination in Violation of Public Policy)

### (As Against All Defendants)

50.     Plaintiff re-alleges and incorporates all paragraphs of this Complaint as though fully set forth herein.

51.     Defendant's actions constitute wrongful constructive discharge in violation of the public policies embedded in FEHA; Labor Code; California Family Rights Act ("CFRA"); and *Tameny v. Atlantic Richfield Co.*, (1980) 27 Cal.3d 167.

52.     As a proximate result of the aforesaid acts of Defendants, Plaintiff has suffered actual, consequential and incidental financial losses, including without limitation, loss of salary and benefits, and the intangible loss of employment related opportunities in her field and damage to her professional reputation, emotional distress, and seeks punitive damages all in an amount subject to proof at the time of trial.

\\\

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

1.     For payment of earned wages, withheld earnings, and other damages according to proof in an amount to be ascertained at trial;

2.     For penalties, statutory obligations, special damages, compensatory, and general damages in an amount to be proven at trial;

COMPLAINT FOR DAMAGES

3.    For punitive damages as allowed by law;

4.    Loss of income incurred and to be incurred according to proof;

5.    For reasonable attorneys' fees;

6.    For costs of suit incurred herein;

7.    For interest provided by law;

8.    All damages and penalties pursuant to the California Labor Code;

9.    For restitution and other equitable relief; and

10.   For such other and further relief as the court deems just and proper.

Dated: June 15, 2023                    By:    FREIMAN LEGAL

                                               _____
                                               Lawrence W. Freiman, Esq.
                                               Counsel for Plaintiff Ana Anguiano-Tamayo

## DEMAND FOR JURY TRIAL

Plaintiff Ana Anguiano-Tamayo demands a jury trial.

Dated: June 15, 2023                    By:    FREIMAN LEGAL

                                               _____
                                               Lawrence W. Freiman, Esq.
                                               Counsel for Plaintiff Ana Anguiano-Tamayo

COMPLAINT FOR DAMAGES

8

**CM-010**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Lawrence W. Freiman, Esq. SBN 288917<br>Freiman Legal<br>100 Wilshire Blvd., Suite 700<br>Santa Monica, CA 90401<br>TELEPHONE NO.: 310-917-1004       FAX NO.: 310-300-2603<br>ATTORNEY FOR *(Name):* Plaintiff, Ana Anguiano-Tamayo | ELECTRONICALLY FILED<br>Superior Court of California<br>County of Sonoma<br>6/15/2023 3:28 PM<br>By: Taylor Curtis, Deputy Clerk |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF   Sonoma
STREET ADDRESS: 600 Administration Dr.
MAILING ADDRESS:
CITY AND ZIP CODE: Santa Rosa, CA 95403
BRANCH NAME: Hall of Justice

CASE NAME:
Anguiano-Tamayo v. Walmart Inc. et.al.

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: SCV-273505 |
|---|---|---|---|---|
| ☑ Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | ☐ Limited<br>(Amount<br>demanded is<br>$25,000 or less) | ☐ Counter   ☐ Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | | JUDGE:<br><br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

| Auto Tort | Contract | Provisionally Complex Civil Litigation |
|---|---|---|
| ☐ Auto (22) | ☐ Breach of contract/warranty (06) | **(Cal. Rules of Court, rules 3.400–3.403)** |
| ☐ Uninsured motorist (46) | ☐ Rule 3.740 collections (09) | ☐ Antitrust/Trade regulation (03) |
| **Other PI/PD/WD (Personal Injury/Property** | ☐ Other collections (09) | ☐ Construction defect (10) |
| **Damage/Wrongful Death) Tort** | ☐ Insurance coverage (18) | ☐ Mass tort (40) |
| ☐ Asbestos (04) | ☐ Other contract (37) | ☐ Securities litigation (28) |
| ☐ Product liability (24) | **Real Property** | ☐ Environmental/Toxic tort (30) |
| ☐ Medical malpractice (45) | ☐ Eminent domain/Inverse | ☐ Insurance coverage claims arising from the |
| ☐ Other PI/PD/WD (23) | condemnation (14) | above listed provisionally complex case |
| **Non-PI/PD/WD (Other) Tort** | ☐ Wrongful eviction (33) | types (41) |
| ☐ Business tort/unfair business practice (07) | ☐ Other real property (26) | **Enforcement of Judgment** |
| ☐ Civil rights (08) | **Unlawful Detainer** | ☐ Enforcement of judgment (20) |
| ☐ Defamation (13) | ☐ Commercial (31) | **Miscellaneous Civil Complaint** |
| ☐ Fraud (16) | ☐ Residential (32) | ☐ RICO (27) |
| ☐ Intellectual property (19) | ☐ Drugs (38) | ☐ Other complaint *(not specified above)* (42) |
| ☐ Professional negligence (25) | **Judicial Review** | **Miscellaneous Civil Petition** |
| ☐ Other non-PI/PD/WD tort (35) | ☐ Asset forfeiture (05) | ☐ Partnership and corporate governance (21) |
| **Employment** | ☐ Petition re: arbitration award (11) | ☐ Other petition *(not specified above)* (43) |
| ☑ Wrongful termination (36) | ☐ Writ of mandate (02) | |
| ☐ Other employment (15) | ☐ Other judicial review (39) | |

2. This case ☐ is ☑ is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties
   b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. ☐ Substantial amount of documentary evidence
   d. ☐ Large number of witnesses
   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. ☐ Substantial postjudgment judicial supervision
3. Remedies sought *(check all that apply):* a.☑ monetary  b.☑ nonmonetary; declaratory or injunctive relief  c.☑ punitive
4. Number of causes of action *(specify):* 7
5. This case ☐ is ☑ is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: June 15, 2023
Lawrence Freiman, Esq.
_____                    ▶ _____
(TYPE OR PRINT NAME)                              (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

CM-010

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you must complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
  Medical Malpractice–Physicians & Surgeons
  Other Professional Health Care Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip and fall)
  Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  Intentional Infliction of Emotional Distress
  Negligent Infliction of Emotional Distress
  Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
  Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
  Negligent Breach of Contract/Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
  Collection Case–Seller Plaintiff
  Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court Case Matter
  Writ–Other Limited Court Case Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of County)
  Confession of Judgment *(non-domestic relations)*
  Sister State Judgment
  Administrative Agency Award *(not unpaid taxes)*
  Petition/Certification of Entry of Judgment on Unpaid Taxes
  Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
  Declaratory Relief Only
  Injunctive Relief Only *(non-harassment)*
  Mechanics Lien
  Other Commercial Complaint Case *(non-tort/non-complex)*
  Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief From Late Claim
  Other Civil Petition

**CIVIL CASE COVER SHEET**

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SONOMA<br>CIVIL DIVISION<br>600 ADMINISTRATION DRIVE, ROOM 107-J<br>SANTA ROSA, CALIFORNIA 95403-2878<br>(707) 521-6500<br>http://www.sonoma.courts.ca.gov<br><br>Anguiano - Tamayo     v.     Walmart, Inc | (FOR COURT USE ONLY)<br><br>**ELECTRONICALLY FILED**<br>**Superior Court of California**<br>**County of Sonoma**<br>**6/15/2023 3:28 PM**<br>**By: Taylor Curtis, Deputy Clerk** |
| --- | --- |
| **NOTICE OF ASSIGNMENT TO ONE JUDGE FOR ALL PURPOSES,<br>NOTICE OF CASE MANAGEMENT CONFERENCE,<br>and ORDER TO SHOW CAUSE** | Case number:    SCV-273505 |

## A COPY OF THIS NOTICE MUST BE SERVED WITH THE SUMMONS AND COMPLAINT AND WITH ANY CROSS-COMPLAINT

1. **THIS ACTION IS ASSIGNED TO HON.** _Patrick Broderick_
**FOR ALL PURPOSES.**
Pursuant to California Rules of Court, Rule 2.111(7), the assigned judge's name must appear below the number of the case and the nature of the paper on the first page of each paper presented for filing.

2. EACH DEFENDANT MUST FILE A WRITTEN RESPONSE TO THE COMPLAINT AS REQUIRED BY THE SUMMONS.
   A Case Management Conference has been set at the time and place indicated below:

| | | |
| --- | --- | --- |
| **Date:** 10/24/2023 | **Time:** 3:00PM | **Courtroom:** 16 |
| **Location:** | **3035 CLEVELAND AVE STE 200**<br>**SANTA ROSA, CA 95403** | |

3. No later than 15 calendar days before the date set for the case management conference or review, each party must file a case management statement [Judicial Council form #CM-110] and serve it on all other parties in the case. In lieu of each party's filing a separate case management statement, any two or more parties may file a joint statement.

4. At the conference, counsel for each party and each self-represented party must appear personally or by telephone [California Rules of Court, Rule 3.670(c)(2)]; must be familiar with the case; and must be prepared to discuss and commit to the party's position on the issues listed in California Rules of Court, Rule 3.727.

5. Pre-approved dispositions are recorded three (3) court days prior to the case management conference. These may be obtained by calling (707) 521-6606 or by going to http://sonoma.courts.ca.gov/online-services/tentative-rulings.

## ORDER TO SHOW CAUSE
To Plaintiff(s), Cross-complainants, and/or their attorneys of record:
If, on the date shown above, you are not in compliance with the requirements stated in the California Rules of Court, rules 2.30, 3.110, and/or 3.720 through 3.771 inclusive, you must then and there show cause why this court should not impose monetary and/or terminating sanctions in this matter.

Pursuant to California Rule of Court, rule 3.221(b), information and forms related to Alternative Dispute Resolution are available on the Court's website at http://www.sonoma.courts.ca.gov/self-help/adr.

CV-1 [Rev. May 1, 2022]     NTC OF ASSIGNMENT OF 1 JUDGE FOR ALL PURPOSES, NTC OF CMC & OSC
CRC, Rules 3.110, 3.720-3.730; CCP§§177.5, 583.410

## ELECTRONIC SERVICE OF DOCUMENTS
### Enabled by Local Rule 18.16

Voluntary e-service is available in Sonoma County.  The Court has pre-approved a Stipulation for cases in which the attorneys or parties choose e-service. A copy of the Stipulation is available under the "Civil" section in the "Division" tab of the Court website: http://www.sonoma.courts.ca.gov.  The advantages of e-service to the parties include:

| | |
|---|---|
| SAVE MONEY | Reduction in costs related to photocopying, retrieving, storing, messenger and postage fees. No special software is needed to use e-service |
| SAVE TIME | Instant service of your documents on all parties |
| SAVE SPACE | With 24/7 internet access to all documents, you do not need to house paper copies |
| GAIN CERTAINTY | Immediate confirmation of service for your records. Documents are not delayed in the mail or blocked by email spam blockers and firewalls |

To take advantage of e-service, select an e-service provider and file the signed Stipulation with the Court. Parties can then e-serve documents through the selected provider. Information about e-service providers is available at the website for the Sonoma County Bar Association: http://www.sonomacountybar.org.  The Court does not endorse one provider over another.
**To learn more about available e-service providers and their fees, please visit their website**

*Note: Hard-copy pleadings are required to be filed with the Court in accordance with applicable provisions of the Code of Civil Procedure, California Rules of Court and local rules. You do not need to provide a courtesy copy of a served document to the specific department in which the matter has been assigned.*

## DISCOVERY FACILITATOR PROGRAM

Effective January 1, 2008, the Sonoma County Superior Court promulgated Sonoma County Local Rule 4.14 which established the Discovery Facilitator Program.  Participation in the Discovery Facilitator Program shall be deemed to satisfy a party's obligation to meet and confer under Sonoma County Local Rule 5.5 and applicable provisions of the Code of Civil Procedure and California Rules of Court.  This program has been providing assistance in resolving discovery disputes and reducing the backlog of matters on the law and motion calendars in our civil law departments.  The Sonoma County Superior Court encourages all attorneys and parties to utilize the Discovery Facilitator Program in order to help resolve or reduce the issues in dispute whether or not a discovery motion is filed.

There is a link to Local Rule 4.14 and the list of discovery facilitator volunteers on the official website of the Sonoma County Superior Court at http://www.sonoma.courts.ca.gov.   On the home page, under the "AVAILABLE PROGRAMS & HELP" section, click on »Discovery Facilitator Program.  You can then click on either "Local Rule 4.14" to obtain the language of the local rule, or "List of Facilitators" for a list of the volunteer discovery facilitators and accompanying contact and biographical information.

**Pursuant to Local Rule 5.1.C:**

The moving party shall, on the date of filing, hand-deliver to the Assigned Judge a courtesy copy, which need not be file-endorsed, of any motion filed. The responding party shall, on the date of filing, hand-deliver to the Assigned Judge a courtesy copy, which need not be file-endorsed, of all opposition papers. Finally, the moving party shall, on the date of filing, hand-deliver to the Assigned Judge a courtesy copy, which need not be file-endorsed, of all reply papers.

**Pursuant to Local Rule 5.1.C.1**:

If any matter scheduled on the law and motion calendar is resolved, dismissed, settled or becomes moot for any reason, the moving party shall immediately notify the judicial assistant for the Assigned Judge if the motion is to be dropped from the law and motion calendar. Said notification may be made by telephone, followed by a letter of confirmation.

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, state bar number, and address) | FOR COURT USE ONLY |
|---|---|
| TELEPHONE NO.:                  FAX NO. *(Optional)*:<br>E-MAIL ADDRESS *(Optional)*:<br>ATTORNEY FOR *(Name)*: | |

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SONOMA<br>600 ADMINISTRATION DRIVE, ROOM 107-J<br>SANTA ROSA, CALIFORNIA 95403-2878 | |
|---|---|
| PLAINTIFF/PETITIONER:<br><br>DEFENDANT/RESPONDENT: | |

| **ADR INFORMATION SHEET**<br>[Sonoma County Superior Court Rules, Rule 16] | CASE NUMBER: |
|---|---|
| (Check one): ☐ **UNLIMITED CASE** (Amount demanded exceeds $25,000)    ☐ **LIMITED CASE** (Amount demanded is $25,000 or less) | Date:<br>Time:<br>Location:<br>Assigned Judge: |

## NOTICE TO ALL PARTIES AND THEIR ATTORNEYS

The policy of the Sonoma County Superior Court is:

"The formal litigation of legal claims and disputes is expensive and time consuming. The overall results achieved by some or all of the parties are often unsatisfactory. There are many modern alternatives to formal court litigation which are less expensive, less time consuming, and more beneficial to the parties. It is therefore the firm policy and goal of this court to encourage the parties in all civil cases to explore and pursue private dispute resolution alternatives at the earliest possible date." (Local Rule 16.1.)

Although most (90-98%) cases do settle, many settlements come only after a considerable amount of time, money, and resources have been expended. Such expenditures, as well as the adversarial nature of litigation, can be a disincentive to settlement. The Sonoma County Superior Court encourages the use of Alternative Dispute Resolution (ADR) as early as possible after the parties become aware of a dispute.

Most ADR processes are voluntary and are paid for by the parties themselves, but ADR has proved in many cases to be faster, cheaper, and more effective than traditional litigation.

## ADVANTAGES OF ADR:

The filing of your complaint or answer may be just the beginning of the costs that you will incur during the course of your lawsuit. Lawsuits can be extremely costly. By utilizing ADR methods early in the course of your case, you may significantly reduce these costs by either resolving the case before expensive discovery and trial proceedings are commenced or by narrowing the scope of your discovery by identifying disputed and undisputed factual and legal issues.

ADR can be a fast, economical, efficient, and effective way to resolve civil cases, and most litigants report satisfaction with the process. ADR procedures can be scheduled at your convenience and can be completed in a fraction of the time required for traditional litigation. The cost of ADR will depend on the procedure and the provider you select, and the cost is typically less than litigation.

Most ADR processes are confidential but can result in enforceable agreements. Many ADR processes will give you an opportunity to test the strengths and weaknesses of your case without adverse impact in the event of a trial. Depending upon the method of ADR you select, it may be the last chance for you to control the outcome of your dispute before you place the decision in the hands of a judge or jury.

## METHODS OF ADR:

**A. MEDIATION:** Mediation is one of the most frequently used methods of ADR because it is informal, quick, convenient and confidential. In this process the parties select a neutral mediator who facilitates the identification of issues and areas of agreement and assists in finding a resolution or settlement of the dispute. Since mediation requires the agreement of the parties to resolve the matter, control of the proceedings and a determination of the settlement terms remains completely in the parties' hands. The mediator remains neutral and assists the parties in arriving at terms that are mutually agreeable.

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: | |

**B.  ARBITRATION:**  The parties jointly employ a neutral third party or a panel of neutrals to listen to both sides and render a decision.  The parties are free to make the arbitrator's decision binding or non-binding.  When non-binding, the arbitrator's decision serves as guide or influence upon the parties to bring them closer to settlement.  If it is binding, the decision of the arbitrator will be final and generally avoids any further proceedings in the case.  Non-binding judicial arbitration may be ordered in certain cases before trial.

**C.  EARLY NEUTRAL EVALUATION:**  A neutral evaluator is hired by the parties to give an evaluation of the case to help settle it.  You or your attorney will be permitted to prepare a written statement, present critical witnesses or other evidence, argue your case to the evaluator, meet separately and confidentially with the evaluator, and utilize the evaluator to communicate any settlement offers to the opposing party.

**D.  PRIVATE SETTLEMENT CONFERENCE:**  A voluntary settlement conference is similar to early neutral evaluation in that the parties employ a neutral settlement officer who attempts to persuade the parties to accept a compromise position.  It is a form of facilitated negotiation in which the settlement officer may express an opinion about the value of the case, the substantive merits of each party's position, and the probable outcome of the trial.

There are various other methods or combinations of methods of ADR, such as summary jury trial, mini-trial, special master and discovery referee.  The court encourages the parties to be creative in selecting the process which has the best chance of resolving the case as quickly, effectively, and inexpensively as possible.  You will have a chance to review your ADR options at the time of the Early Mediation and Case Management Conference.

**The undersigned party is willing to agree to any of the following forms of ADR at this time (for family law and probate actions only).  Your selection will inform the other parties in the case of your current thoughts regarding the use of ADR.  If all parties agree on a particular ADR method, you will be asked to file a stipulation on the court's form.  The stipulation form (Sonoma County Superior Court form #MISC-101) can be found at the court's web site and is available at the court.)**

☐ Mediation                                        ☐ Early Neutral Evaluation

☐ Non-binding Private Arbitration                   ☐ Binding Private Arbitration

☐ Voluntary Settlement Conference                   ☐ Summary Jury Trial

☐ Other _____                 ☐ Judicial Arbitration

I / We certify that I / We have read and understood (or have had explained to me / us) the foregoing.

Date: _____         _____
                                                    Signature of Party

Date: _____         _____
                                                    Signature of Party

Date: _____         _____
                                                    Signature of Attorney for Party
                                        ☐ Additional signatures are attached

**NOTE: This form requires the signatures of the parties and their attorney. All parties must complete, file and serve this form in accordance with Sonoma County Superior Court Rules, Rule 16.  See Rule 16.3 for specific filing and service instructions.**

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, state bar number, and address) | FOR COURT USE ONLY |
|---|---|
| TELEPHONE NO.:                          FAX NO. *(Optional)*:<br>E-MAIL ADDRESS *(Optional)*:<br>ATTORNEY FOR *(Name)*: | |
| **SUPERIOR COURT OF CALIFORNIA, COUNTY OF SONOMA**<br>600 ADMINISTRATION DRIVE, ROOM 107-J<br>SANTA ROSA, CALIFORNIA 95403-2878 | |
| PLAINTIFF/PETITIONER:<br><br>DEFENDANT/RESPONDENT: | |

| **STIPULATION AND ORDER REFERRING MATTER TO ALTERNATIVE DISPUTE RESOLUTION** | CASE NUMBER: |
|---|---|
| (Check one): ☐ **UNLIMITED CASE** (Amount demanded exceeds $25,000)    ☐ **LIMITED CASE** (Amount demanded is $25,000 or less) | Date:<br>Time:<br>Location:<br>Assigned Judge: |

The parties hereby stipulate to refer the case to the following Alternate Dispute Resolution Process:

☐ Mediation                                   ☐ Non-binding Private Arbitration
☐ Binding Private Arbitration                 ☐ Private Settlement Conference
☐ Early Neutral Evaluation                    ☐ Judicial Arbitration

The ADR process will be conducted by (name of individual):  _____

Provider's Address:  _____

Provider's Telephone:  _____    Fax:  _____    E-mail address: _____
☐ No agreement
The ADR process will be conducted on (date):  _____.
☐ No agreement

☐ The parties have reached agreement as to the payment of fees of ADR provider.
☐ The parties have not reached agreement as to the payment of fees of ADR provider.

_____              _____
Type or print name of ☐ Party without attorney ☐ Attorney for         **(Date and Sign)** Attorney or party without
☐ Plaintiff/Petitioner ☐ Defendant/Respondent/Contestant                 attorney (Sign in blue ink)


_____              _____
Type or print name of ☐ Party without attorney ☐ Attorney for         **(Date and Sign)** Attorney or party without
☐ Plaintiff/Petitioner ☐ Defendant/Respondent/Contestant                 attorney (Sign in blue ink)


☐ Additional signatures are attached

| PLAINTIFF/PETITIONER:<br><br>DEFENDANT/RESPONDENT: | CASE NUMBER: |
|---|---|

## ORDER

## A REVIEW HEARING IS SCHEDULED AS FOLLOWS:

| _____<br>Date | _____<br>Time |
|---|---|

All parties must appear at the Review Hearing.  In the event that the case is settled and a dismissal, a notice of settlement or a judgment is filed at least 3 court days before the scheduled Review Hearing, the Review Hearing will be dropped  and no one should  appear. You must check the phone message at _____or go to http://sonoma.courts.ca.gov/online-services/tentative-rulings where the tentative dispositions will be posted the day before you are scheduled to come to court to determine if you must appear.

*THE FIRST ATTORNEY OR PARTY LISTED  MUST FILE PROOF OF SERVICE OF A COPY OF THIS ORDER ON ALL PARTIES.*

| _____<br>Date | _____<br>JUDGE OF THE SUPERIOR COURT |
|---|---|

Wolters Kluwer

## Service of Process Transmittal Summary

**TO:**      KIM LUNDY- EMAIL
Walmart Inc.
GLOBAL GOVERNANCE/CENTRAL INTAKE, 2914 SE I STREET MS#0200
BENTONVILLE, AR 72712-3148

**RE:**      **Process Served in California**

**FOR:**     WALMART INC.  (Domestic State: DE)

ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:

| | |
|---|---|
| **TITLE OF ACTION:** | Re: ANGUIANO-TAMAYO ANA // To: WALMART INC. |
| **DOCUMENT(S) SERVED:** | Summons, Complaint, Attachment(s), Notice(s), Stipulation and Order |
| **COURT/AGENCY:** | Sonoma County - Superior Court, CA<br>Case # SCV273505 |
| **NATURE OF ACTION:** | Employee Litigation - Discrimination |
| **PROCESS SERVED ON:** | C T Corporation System, GLENDALE, CA |
| **DATE/METHOD OF SERVICE:** | By Process Server on 06/22/2023 at 12:41 |
| **JURISDICTION SERVED:** | California |
| **APPEARANCE OR ANSWER DUE:** | Within 30 days after service (Document(s) may contain additional answer dates) |
| **ATTORNEY(S)/SENDER(S):** | Lawrence W. Freiman<br>Freiman Legal<br>100 Wilshire Blvd., Suite 700<br>Santa Monica, CA 90401<br>310-917-1004 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 06/23/2023, Expected Purge Date: 07/03/2023 |
| | Image SOP |
| | Email Notification,  Grymarys De Jesus  grymarys.dejesus@walmart.com |
| **REGISTERED AGENT CONTACT:** | C T Corporation System<br>330 N BRAND BLVD<br>STE 700<br>GLENDALE, CA 91203<br>877-564-7529<br>MajorAccountTeam2@wolterskluwer.com |

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the



included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.



# PROCESS SERVER DELIVERY DETAILS

**Date:**                    Thu, Jun 22, 2023
**Server Name:**             Jimmy Lizama

| Entity Served | WALMART INC. |
|---|---|
| Case Number | SCV-273505 |
| Jurisdiction | CA |

| Inserts |
|---|
| | | |



SUM-100

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

Walmart Inc.; Wal-Mart Associates, Inc.; and DOES 1 through 20, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

Ana Anguiano-Tamayo

<table>
<tr><td>

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

**ELECTRONICALLY FILED**
Superior Court of California
County of Sonoma
6/15/2023 3:28 PM
By: Taylor Curtis, Deputy Clerk

</td></tr>
</table>

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is: *(El nombre y dirección de la corte es):* Hall of Justice | CASE NUMBER: *(Número del Caso):* SCV-273505 |
|---|---|

600 Administration Dr.
Santa Rosa, CA 95403

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Lawrence W. Freiman, Esq. 100 Wilshire Blvd., Suite 700 Santa Monica, CA 90401 310-917-1004

| DATE: 6/15/2023 3:28 PM *(Fecha)* | Robert Oliver | Clerk, by *(Secretario)* | Taylor Curtis | , Deputy *(Adjunto)* |
|---|---|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):* WALMART INC.

under: ☒ CCP 416.10 (corporation)     ☐ CCP 416.60 (minor)
       ☐ CCP 416.20 (defunct corporation)     ☐ CCP 416.70 (conservatee)
       ☐ CCP 416.40 (association or partnership)     ☐ CCP 416.90 (authorized person)
       ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

[SEAL]

Page 1 of 1

| Form Adopted for Mandatory Use Judicial Council of California SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465 www.courtinfo.ca.gov |
|---|---|---|

Lawrence W. Freiman, Esq. (SBN 288917)
lawrence@freimanlegal.com
FREIMAN LEGAL
100 Wilshire Blvd., Ste. 700
Santa Monica, CA 90401
Telephone: (310) 917-1004
Facsimile:  (310) 300-2603

*Counsel for Plaintiff Ana Anguiano-Tamayo*

**ELECTRONICALLY FILED**
**Superior Court of California**
**County of Sonoma**
**6/15/2023 3:28 PM**
**By: Taylor Curtis, Deputy Clerk**

**SUPERIOR COURT FOR THE STATE OF CALIFORNIA**

**COUNTY OF SONOMA**

| | |
|---|---|
| ANA ANGUIANO-TAMAYO,<br><br>Plaintiff,<br><br>v.<br><br>WALMART INC.; WAL-MART ASSOCIATES, INC.; and DOES 1 through 20, inclusive,<br><br>Defendants. | CASE NO.: SCV-273505<br><br>**COMPLAINT FOR:**<br><br>1. Discrimination in Violation of FEHA<br>2. Failure to Prevent Discrimination (FEHA)<br>3. Harassment in Violation of FEHA<br>4. Failure to Prevent Harassment in Violation of FEHA<br>5. Retaliation in Violation of FEHA<br>6. Failure to Prevent Retaliation (FEHA)<br>7. Wrongful Termination in Violation of Public Policy<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff ANA ANGUIANO-TAMAYO for her Complaint against Defendants WALMART INC.; WAL-MART ASSOCIATES, INC.; and DOES 1 through 20, inclusive, hereby complains and alleges as follows:

**PARTIES, JURISDICTION AND VENUE**

1.      Plaintiff ANA ANGUIANO-TAMAYO was at all times relevant to the matters alleged in this complaint an individual with her residence in California.

COMPLAINT FOR DAMAGES

1

2.    Defendant WALMART INC. is a Delaware Corporation with its principal place of business in California and at all times relevant to this Complaint was doing business in California.

3.    Defendant WAL-MART ASSOCIATES, INC. is a Delaware Corporation with its principal place of business in California and at all times relevant to this Complaint was doing business in California.

4.    Plaintiff is informed and believes and thereon alleges that the fictitiously-named Defendants sued herein as Does 1 through 20 inclusive, and each of them, are in some manner responsible for the occurrences, acts, and omissions alleged herein and that Plaintiff's damages were proximately caused by their conduct. The true names and capacities of such fictitiously-named Doe Defendants, whether individual, corporate, partnership, associate or otherwise, are presently unknown to Plaintiff, and Plaintiff will seek leave of the Court to amend this Complaint to assert the true names and capacities of such fictitiously-named Defendants when the same have been ascertained. For convenience, each reference to the named Defendant herein shall also refer to Does 1 through 20, inclusive.

5.    Plaintiff is informed and believes and thereon alleges that in committing certain acts herein as alleged, some or all of the Defendants herein named were acting as the agents, joint ventures, partners, representatives, subsidiaries, affiliates and/or employees of some or all of the other Defendants, and that some or all of the conduct of such Defendants, as complained of herein, was within the course and scope of such relationship.

6.    Pursuant to Article VI, Section 10 of the California Constitution, subject matter jurisdiction is proper in the Superior Court of California, County of Sonoma.

7.    Pursuant to Section 395 of the California Code of Civil Procedure, venue is proper in the Superior Court of California for the County of Sonoma, because the Defendant conducted business in County of Sonoma, and the unlawful practices occurred in the County of Sonoma.

\\\
\\\
\\\
\\\

COMPLAINT FOR DAMAGES

2

## FACTUAL BACKGROUND

8. Defendants were Plaintiff's employers.

9. On or about late 2022, Plaintiff requested and used pregnancy and maternity leave.

10. Defendants subjected Plaintiff to harassment on the basis of pregnancy, disability and request for/exercise of medical leave/baby bonding leave by engaging in belittling and demeaning actions towards Plaintiff.

11. Defendants were aware of the harassment and failed to prevent it.

12. Defendants discriminated against Plaintiff on the basis of pregnancy, disability and request for/exercise of medical leave/baby bonding leave, and as a result Plaintiff was subjected to adverse employment actions including, but not limited to, termination.

13. Defendants were aware of the discrimination and failed to prevent it.

14. Defendants retaliated against Plaintiff because Plaintiff reported/resisted the discrimination and requested and used pregnancy and maternity leave, and as a result, Plaintiff was subjected to adverse employment actions including, but not limited to, termination.

15. Defendants were aware of the retaliation and failed to prevent it.

16. Defendants terminated Plaintiff.

17. Plaintiff filed a charge with the California Department of Fair Employment and Housing and received a Notice of Right to Sue on March 22, 2023. Plaintiff has thus exhausted all necessary administrative remedies.

## FIRST CAUSE OF ACTION

### (Discrimination in Violation of FEHA)

### (As Against All Defendants)

18. Plaintiff re-alleges and incorporates by reference all paragraphs of this Complaint as though fully set forth herein.

19. Defendants' actions constitute discrimination in violation of the Fair Employment and Housing Act ("FEHA").

\\\

\\\

COMPLAINT FOR DAMAGES

3

20.    As a proximate result of the wrongful conduct of Defendants, Plaintiff has suffered and continues to suffer a loss in earnings and other employment benefits according to proof at time of trial.

21.    As a proximate result of the wrongful conduct of Defendants, Plaintiff has suffered humiliation, emotional distress and mental pain and anguish all to Plaintiff's damages in an amount according to proof at trial.

22.    In doing the acts herein alleged, Defendants acted with oppression, malice, and/or conscious disregard of Plaintiff's rights and Plaintiff is therefore entitled to punitive damages.

## SECOND CAUSE OF ACTION

**(Failure to Prevent Discrimination in Violation of FEHA)**

**(As Against All Defendants)**

23.    Plaintiff re-alleges and incorporates by reference all paragraphs of this Complaint as though fully set forth herein.

24.    Under FEHA, it is unlawful for an employer to fail to take all reasonable steps to prevent discrimination.

25.    Defendants had knowledge and/or reasonable notice of the discrimination that took place against Plaintiff and failed to prevent such.

26.    As a proximate result of the wrongful conduct of Defendants Plaintiff has suffered and continues to suffer a loss in earnings and other employment benefits according to proof at time of trial.

27.    As a proximate result of the wrongful conduct of Defendants, Plaintiff has suffered humiliation, emotional distress and mental pain and anguish all to her damage in an amount according to proof at trial.

28.    In doing the acts herein alleged, Defendants acted with oppression, malice, and/or conscious disregard of Plaintiff's rights and Plaintiff is therefore entitled to punitive damages.

\\\

\\\

\\\

COMPLAINT FOR DAMAGES

4

## THIRD CAUSE OF ACTION

### (Harassment in Violation of FEHA)

### (As Against All Defendants)

29.    Plaintiff re-alleges and incorporates by reference all paragraphs of this Complaint as though fully set forth herein.

30.    Defendant's actions constitute harassment in violation of the Fair Employment and Housing Act ("FEHA").

31.    As a proximate result of the wrongful conduct of Defendant, Plaintiff has suffered and continues to suffer a loss in earnings and other employment benefits according to proof at time of trial.

32.    As a proximate result of the wrongful conduct of Defendant, Plaintiff has suffered humiliation, emotional distress and mental pain and anguish all to his damage in an amount according to proof at trial.

33.    In doing the acts herein alleged, Defendant acted with oppression, malice, and/or conscious disregard of Plaintiff's rights and Plaintiff is therefore entitled to punitive damages.

## FOURTH CAUSE OF ACTION

### (Failure to Prevent Harassment in Violation of FEHA)

### (As Against All Defendants)

34.    Plaintiff re-alleges and incorporates by reference all paragraphs of this Complaint as though fully set forth herein.

35.    Under FEHA, it is unlawful for an employer to fail to take all reasonable steps to prevent harassment.

36.    Defendant had knowledge and/or reasonable notice of the harassment that took place against Plaintiff and failed to prevent such.

37.    As a proximate result of the wrongful conduct of Defendant, Plaintiff has suffered and continues to suffer a loss in earnings and other employment benefits according to proof at time of trial.

\\\

COMPLAINT FOR DAMAGES

5

38.    As a proximate result of the wrongful conduct of Defendant, Plaintiff has suffered humiliation, emotional distress and mental pain and anguish all to his damages in an amount according to proof at trial.

39.    In doing the acts herein alleged, Defendant acted with oppression, malice, and/or conscious disregard of Plaintiff's rights and Plaintiff is therefore entitled to punitive damages.

## FIFTH CAUSE OF ACTION

### (Retaliation in Violation of FEHA)

### (As Against All Defendants)

40.    Plaintiff re-alleges and incorporates by reference all paragraphs of this Complaint as though fully set forth herein.

41.    Defendants' actions constitute retaliation in violation of the Fair Employment and Housing Act ("FEHA").

42.    As a proximate result of the wrongful conduct of Defendants, Plaintiff has suffered and continues to suffer a loss in earnings and other employment benefits according to proof at time of trial.

43.    As a proximate result of the wrongful conduct of Defendants, Plaintiff has suffered humiliation, emotional distress and mental pain and anguish all to her damage in an amount according to proof at trial.

44.    In doing the acts herein alleged, Defendants acted with oppression, malice, and/or conscious disregard of Plaintiff's rights and Plaintiff is therefore entitled to punitive damages.

## SIXTH CAUSE OF ACTION

### (Failure to Prevent Retaliation in Violation of FEHA)

### (As Against All Defendants)

45.    Plaintiff re-alleges and incorporates by reference all paragraphs of this Complaint as though fully set forth herein.

46.    Defendants' actions constitute failure to prevent retaliation in violation of the Fair Employment and Housing Act ("FEHA").

\\\

COMPLAINT FOR DAMAGES

47.    As a proximate result of the wrongful conduct of Defendants, Plaintiff has suffered and continues to suffer a loss in earnings and other employment benefits according to proof at time of trial.

48.    As a proximate result of the wrongful conduct of Defendants, Plaintiff has suffered humiliation, emotional distress and mental pain and anguish all to his damage in an amount according to proof at trial.

49.    In doing the acts herein alleged, Defendants acted with oppression, malice, and/or conscious disregard of Plaintiff's rights and Plaintiff is therefore entitled to punitive damages.

**SEVENTH CAUSE OF ACTION**

**(Wrongful Termination in Violation of Public Policy)**

**(As Against All Defendants)**

50.    Plaintiff re-alleges and incorporates all paragraphs of this Complaint as though fully set forth herein.

51.    Defendant's actions constitute wrongful constructive discharge in violation of the public policies embedded in FEHA; Labor Code; California Family Rights Act ("CFRA"); and *Tameny v. Atlantic Richfield Co.*, (1980) 27 Cal.3d 167.

52.    As a proximate result of the aforesaid acts of Defendants, Plaintiff has suffered actual, consequential and incidental financial losses, including without limitation, loss of salary and benefits, and the intangible loss of employment related opportunities in her field and damage to her professional reputation, emotional distress, and seeks punitive damages all in an amount subject to proof at the time of trial.

\\\

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

1.    For payment of earned wages, withheld earnings, and other damages according to proof in an amount to be ascertained at trial;

2.    For penalties, statutory obligations, special damages, compensatory, and general damages in an amount to be proven at trial;

3.    For punitive damages as allowed by law;

4.    Loss of income incurred and to be incurred according to proof;

5.    For reasonable attorneys' fees;

6.    For costs of suit incurred herein;

7.    For interest provided by law;

8.    All damages and penalties pursuant to the California Labor Code;

9.    For restitution and other equitable relief; and

10.    For such other and further relief as the court deems just and proper.

Dated: June 15, 2023                    By:    FREIMAN LEGAL

Lawrence W. Freiman, Esq.
Counsel for Plaintiff Ana Anguiano-Tamayo

## DEMAND FOR JURY TRIAL

Plaintiff Ana Anguiano-Tamayo demands a jury trial.

Dated: June 15, 2023                    By:    FREIMAN LEGAL

Lawrence W. Freiman, Esq.
Counsel for Plaintiff Ana Anguiano-Tamayo

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| Lawrence W. Freiman, Esq. SBN 288917<br>Freiman Legal<br>100 Wilshire Blvd., Suite 700<br>Santa Monica, CA 90401<br>TELEPHONE NO.: 310-917-1004   FAX NO.: 310-300-2603<br>ATTORNEY FOR (Name): Plaintiff, Ana Anguiano-Tamayo | ELECTRONICALLY FILED<br>Superior Court of California<br>County of Sonoma<br>6/15/2023 3:28 PM<br>By: Taylor Curtis, Deputy Clerk |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** Sonoma
STREET ADDRESS: 600 Administration Dr.
MAILING ADDRESS:
CITY AND ZIP CODE: Santa Rosa, CA 95403
BRANCH NAME: Hall of Justice

CASE NAME:
Anguiano-Tamayo v. Walmart Inc. et.al.

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: SCV-273505 |
|---|---|---|---|---|
| [✓] Unlimited<br>(Amount demanded exceeds $25,000) | [ ] Limited<br>(Amount demanded is $25,000 or less) | [ ] Counter   [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | | JUDGE:<br><br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)
**Employment**
[✓] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)
**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)
**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)
**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
[ ] Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint (not specified above) (42)
**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition (not specified above) (43)

2. This case [ ] is [✓] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a.[✓] monetary   b.[✓] nonmonetary; declaratory or injunctive relief   c.[✓] punitive
4. Number of causes of action (specify): 7
5. This case [ ] is [✓] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: June 15, 2023
Lawrence Freiman, Esq.
_____
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

CM-010

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property
Damage/Wrongful Death
Uninsured Motorist (46) (*if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto*)

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
Asbestos Property Damage
Asbestos Personal Injury/
Wrongful Death
Product Liability (*not asbestos or toxic/environmental*) (24)
Medical Malpractice (45)
Medical Malpractice–
Physicians & Surgeons
Other Professional Health Care
Malpractice
Other PI/PD/WD (23)
Premises Liability (e.g., slip and fall)
Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
Intentional Infliction of
Emotional Distress
Negligent Infliction of
Emotional Distress
Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
Practice (07)
Civil Rights (e.g., discrimination, false arrest) (*not civil harassment*) (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
Legal Malpractice
Other Professional Malpractice
(*not medical or legal*)
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
Breach of Rental/Lease
Contract (*not unlawful detainer or wrongful eviction*)
Contract/Warranty Breach–Seller
Plaintiff (*not fraud or negligence*)
Negligent Breach of Contract/
Warranty
Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
Collection Case–Seller Plaintiff
Other Promissory Note/Collections
Case
Insurance Coverage (*not provisionally complex*) (18)
Auto Subrogation
Other Coverage
Other Contract (37)
Contractual Fraud
Other Contract Dispute

**Real Property**
Eminent Domain/Inverse
Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
Writ of Possession of Real Property
Mortgage Foreclosure
Quiet Title
Other Real Property (*not eminent domain, landlord/tenant, or foreclosure*)

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) (*if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential*)

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
Writ–Administrative Mandamus
Writ–Mandamus on Limited Court
Case Matter
Writ–Other Limited Court Case
Review
Other Judicial Review (39)
Review of Health Officer Order
Notice of Appeal–Labor
Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
(*arising from provisionally complex case type listed above*) (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
Abstract of Judgment (Out of County)
Confession of Judgment (*non-domestic relations*)
Sister State Judgment
Administrative Agency Award
(*not unpaid taxes*)
Petition/Certification of Entry of
Judgment on Unpaid Taxes
Other Enforcement of Judgment
Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint (*not specified above*) (42)
Declaratory Relief Only
Injunctive Relief Only (*non-harassment*)
Mechanics Lien
Other Commercial Complaint
Case (non-tort/non-complex)
Other Civil Complaint
(non-tort/non-complex)

**Miscellaneous Civil Petition**
Partnership and Corporate
Governance (21)
Other Petition (*not specified above*) (43)
Civil Harassment
Workplace Violence
Elder/Dependent Adult
Abuse
Election Contest
Petition for Name Change
Petition for Relief From Late
Claim
Other Civil Petition

CM-010 [Rev. July 1, 2007]

### CIVIL CASE COVER SHEET

Page 2 of 2

| | |
|---|---|
| **SUPERIOR COURT OF CALIFORNIA, COUNTY OF SONOMA**<br>**CIVIL DIVISION**<br>600 ADMINISTRATION DRIVE, ROOM 107-J<br>SANTA ROSA, CALIFORNIA 95403-2878<br>(707) 521-6500<br>http://www.sonoma.courts.ca.gov<br><br>Anguiano - Tamayo _____ v. _____ Walmart, Inc | (FOR COURT USE ONLY)<br><br>**ELECTRONICALLY FILED**<br>**Superior Court of California**<br>**County of Sonoma**<br>**6/15/2023 3:28 PM**<br>**By: Taylor Curtis, Deputy Clerk** |
| **NOTICE OF ASSIGNMENT TO ONE JUDGE FOR ALL PURPOSES,**<br>**NOTICE OF CASE MANAGEMENT CONFERENCE,**<br>**and ORDER TO SHOW CAUSE** | Case number:<br><br>SCV-273505 |

## A COPY OF THIS NOTICE MUST BE SERVED WITH THE SUMMONS AND COMPLAINT
## AND WITH ANY CROSS-COMPLAINT

1. **THIS ACTION IS ASSIGNED TO HON.** _Patrick Broderick_____
**FOR ALL PURPOSES.**
Pursuant to California Rules of Court, Rule 2.111(7), the assigned judge's name must appear below the number of the case and the nature of the paper on the first page of each paper presented for filing.

2. EACH DEFENDANT MUST FILE A WRITTEN RESPONSE TO THE COMPLAINT AS REQUIRED BY THE SUMMONS.
        A Case Management Conference has been set at the time and place indicated below:

| | | |
|---|---|---|
| **Date:** 10/24/2023 | **Time:** 3:00PM | **Courtroom:** 16 |
| **Location:** 3035 CLEVELAND AVE STE 200<br>SANTA ROSA, CA 95403 | | |

3. No later than 15 calendar days before the date set for the case management conference or review, each party must file a case management statement [Judicial Council form #CM-110] and serve it on all other parties in the case. In lieu of each party's filing a separate case management statement, any two or more parties may file a joint statement.

4. At the conference, counsel for each party and each self-represented party must appear personally or by telephone [California Rules of Court, Rule 3.670(c)(2)]; must be familiar with the case; and must be prepared to discuss and commit to the party's position on the issues listed in California Rules of Court, Rule 3.727.

5. Pre-approved dispositions are recorded three (3) court days prior to the case management conference. These may be obtained by calling (707) 521-6606 or by going to http://sonoma.courts.ca.gov/online-services/tentative-rulings.

## ORDER TO SHOW CAUSE
To Plaintiff(s), Cross-complainants, and/or their attorneys of record:
If, on the date shown above, you are not in compliance with the requirements stated in the California Rules of Court, rules 2.30, 3.110, and/or 3.720 through 3.771 inclusive, you must then and there show cause why this court should not impose monetary and/or terminating sanctions in this matter.

Pursuant to California Rule of Court, rule 3.221(b), information and forms related to Alternative Dispute Resolution are available on the Court's website at http://www.sonoma.courts.ca.gov/self-help/adr.

CV-1 (Rev. May 1, 2022)          NTC OF ASSIGNMENT OF 1 JUDGE FOR ALL PURPOSES, NTC OF CMC & OSC
CRC, Rules 3.110, 3.720-3.730; CCP§§177.5, 583.410

## ELECTRONIC SERVICE OF DOCUMENTS
### Enabled by Local Rule 18.16

Voluntary e-service is available in Sonoma County.  The Court has pre-approved a Stipulation for cases in which the attorneys or parties choose e-service. A copy of the Stipulation is available under the "Civil" section in the "Division" tab of the Court website: http://www.sonoma.courts.ca.gov.  The advantages of e-service to the parties include:

| | |
|---|---|
| SAVE MONEY | Reduction in costs related to photocopying, retrieving, storing, messenger and postage fees. No special software is needed to use e-service |
| SAVE TIME | Instant service of your documents on all parties |
| SAVE SPACE | With 24/7 internet access to all documents, you do not need to house paper copies |
| GAIN CERTAINTY | Immediate confirmation of service for your records. Documents are not delayed in the mail or blocked by email spam blockers and firewalls |

To take advantage of e-service, select an e-service provider and file the signed Stipulation with the Court. Parties can then e-serve documents through the selected provider. Information about e-service providers is available at the website for the Sonoma County Bar Association: http://www.sonomacountybar.org.  The Court does not endorse one provider over another.
**To learn more about available e-service providers and their fees, please visit their website**

*Note: Hard-copy pleadings are required to be filed with the Court in accordance with applicable provisions of the Code of Civil Procedure, California Rules of Court and local rules. You do not need to provide a courtesy copy of a served document to the specific department in which the matter has been assigned.*

## DISCOVERY FACILITATOR PROGRAM

Effective January 1, 2008, the Sonoma County Superior Court promulgated Sonoma County Local Rule 4.14 which established the Discovery Facilitator Program.  Participation in the Discovery Facilitator Program shall be deemed to satisfy a party's obligation to meet and confer under Sonoma County Local Rule 5.5 and applicable provisions of the Code of Civil Procedure and California Rules of Court.  This program has been providing assistance in resolving discovery disputes and reducing the backlog of matters on the law and motion calendars in our civil law departments.  The Sonoma County Superior Court encourages all attorneys and parties to utilize the Discovery Facilitator Program in order to help resolve or reduce the issues in dispute whether or not a discovery motion is filed.

There is a link to Local Rule 4.14 and the list of discovery facilitator volunteers on the official website of the Sonoma County Superior Court at http://www.sonoma.courts.ca.gov.   On the home page, under the "AVAILABLE PROGRAMS & HELP" section, click on »Discovery Facilitator Program.  You can then click on either "Local Rule 4.14" to obtain the language of the local rule, or "List of Facilitators" for a list of the volunteer discovery facilitators and accompanying contact and biographical information.

### Pursuant to Local Rule 5.1.C:

The moving party shall, on the date of filing, hand-deliver to the Assigned Judge a courtesy copy, which need not be file-endorsed, of any motion filed. The responding party shall, on the date of filing, hand-deliver to the Assigned Judge a courtesy copy, which need not be file-endorsed, of all opposition papers. Finally, the moving party shall, on the date of filing, hand-deliver to the Assigned Judge a courtesy copy, which need not be file-endorsed, of all reply papers.

**Pursuant to Local Rule 5.1.C.1**:

If any matter scheduled on the law and motion calendar is resolved, dismissed, settled or becomes moot for any reason, the moving party shall immediately notify the judicial assistant for the Assigned Judge if the motion is to be dropped from the law and motion calendar. Said notification may be made by telephone, followed by a letter of confirmation.

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, state bar number, and address) | FOR COURT USE ONLY |
|---|---|
| TELEPHONE NO.:                FAX NO. (Optional):<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): | |

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SONOMA<br>600 ADMINISTRATION DRIVE, ROOM 107-J<br>SANTA ROSA, CALIFORNIA 95403-2878 | |
|---|---|
| PLAINTIFF/PETITIONER:<br><br>DEFENDANT/RESPONDENT: | |

| ADR INFORMATION SHEET<br>[Sonoma County Superior Court Rules, Rule 16] | CASE NUMBER: |
|---|---|
| (Check one):    ☐ UNLIMITED CASE<br>(Amount demanded exceeds $25,000)    ☐ LIMITED CASE<br>(Amount demanded is $25,000 or less) | Date:<br>Time:<br>Location:<br>Assigned Judge: |

## NOTICE TO ALL PARTIES AND THEIR ATTORNEYS

The policy of the Sonoma County Superior Court is:

"The formal litigation of legal claims and disputes is expensive and time consuming. The overall results achieved by some or all of the parties are often unsatisfactory. There are many modern alternatives to formal court litigation which are less expensive, less time consuming, and more beneficial to the parties. It is therefore the firm policy and goal of this court to encourage the parties in all civil cases to explore and pursue private dispute resolution alternatives at the earliest possible date." (Local Rule 16.1.)

Although most (90-98%) cases do settle, many settlements come only after a considerable amount of time, money, and resources have been expended. Such expenditures, as well as the adversarial nature of litigation, can be a disincentive to settlement. The Sonoma County Superior Court encourages the use of Alternative Dispute Resolution (ADR) as early as possible after the parties become aware of a dispute.

Most ADR processes are voluntary and are paid for by the parties themselves, but ADR has proved in many cases to be faster, cheaper, and more effective than traditional litigation.

## ADVANTAGES OF ADR:

The filing of your complaint or answer may be just the beginning of the costs that you will incur during the course of your lawsuit. Lawsuits can be extremely costly. By utilizing ADR methods early in the course of your case, you may significantly reduce these costs by either resolving the case before expensive discovery and trial proceedings are commenced or by narrowing the scope of your discovery by identifying disputed and undisputed factual and legal issues.

ADR can be a fast, economical, efficient, and effective way to resolve civil cases, and most litigants report satisfaction with the process. ADR procedures can be scheduled at your convenience and can be completed in a fraction of the time required for traditional litigation. The cost of ADR will depend on the procedure and the provider you select, and the cost is typically less than litigation.

Most ADR processes are confidential but can result in enforceable agreements. Many ADR processes will give you an opportunity to test the strengths and weaknesses of your case without adverse impact in the event of a trial. Depending upon the method of ADR you select, it may be the last chance for you to control the outcome of your dispute before you place the decision in the hands of a judge or jury.

## METHODS OF ADR:

**A. MEDIATION:** Mediation is one of the most frequently used methods of ADR because it is informal, quick, convenient and confidential. In this process the parties select a neutral mediator who facilitates the identification of issues and areas of agreement and assists in finding a resolution or settlement of the dispute. Since mediation requires the agreement of the parties to resolve the matter, control of the proceedings and a determination of the settlement terms remains completely in the parties' hands. The mediator remains neutral and assists the parties in arriving at terms that are mutually agreeable.

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: | |

**B. ARBITRATION:** The parties jointly employ a neutral third party or a panel of neutrals to listen to both sides and render a decision. The parties are free to make the arbitrator's decision binding or non-binding. When non-binding, the arbitrator's decision serves as guide or influence upon the parties to bring them closer to settlement. If it is binding, the decision of the arbitrator will be final and generally avoids any further proceedings in the case. Non-binding judicial arbitration may be ordered in certain cases before trial.

**C. EARLY NEUTRAL EVALUATION:** A neutral evaluator is hired by the parties to give an evaluation of the case to help settle it. You or your attorney will be permitted to prepare a written statement, present critical witnesses or other evidence, argue your case to the evaluator, meet separately and confidentially with the evaluator, and utilize the evaluator to communicate any settlement offers to the opposing party.

**D. PRIVATE SETTLEMENT CONFERENCE:** A voluntary settlement conference is similar to early neutral evaluation in that the parties employ a neutral settlement officer who attempts to persuade the parties to accept a compromise position. It is a form of facilitated negotiation in which the settlement officer may express an opinion about the value of the case, the substantive merits of each party's position, and the probable outcome of the trial.

There are various other methods or combinations of methods of ADR, such as summary jury trial, mini-trial, special master and discovery referee. The court encourages the parties to be creative in selecting the process which has the best chance of resolving the case as quickly, effectively, and inexpensively as possible. You will have a chance to review your ADR options at the time of the Early Mediation and Case Management Conference.

**The undersigned party is willing to agree to any of the following forms of ADR at this time (for family law and probate actions only). Your selection will inform the other parties in the case of your current thoughts regarding the use of ADR. If all parties agree on a particular ADR method, you will be asked to file a stipulation on the court's form. The stipulation form (Sonoma County Superior Court form #MISC-101) can be found at the court's web site and is available at the court.)**

☐ Mediation                                ☐ Early Neutral Evaluation

☐ Non-binding Private Arbitration          ☐ Binding Private Arbitration

☐ Voluntary Settlement Conference          ☐ Summary Jury Trial

☐ Other _____           ☐ Judicial Arbitration

I / We certify that I / We have read and understood (or have had explained to me / us) the foregoing.

Date: _____

_____
Signature of Party

Date: _____

_____
Signature of Party

Date: _____

_____
Signature of Attorney for Party
☐ Additional signatures are attached

**NOTE: This form requires the signatures of the parties and their attorney. All parties must complete, file and serve this form in accordance with Sonoma County Superior Court Rules, Rule 16. See Rule 16.3 for specific filing and service instructions.**

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, state bar number, and address) | FOR COURT USE ONLY |
|---|---|
| TELEPHONE NO.:                     FAX NO. *(Optional)*:<br>E-MAIL ADDRESS *(Optional)*:<br>ATTORNEY FOR *(Name)*: | |
| **SUPERIOR COURT OF CALIFORNIA, COUNTY OF SONOMA**<br>600 ADMINISTRATION DRIVE, ROOM 107-J<br>SANTA ROSA, CALIFORNIA 95403-2878 | |
| PLAINTIFF/PETITIONER:<br><br>DEFENDANT/RESPONDENT: | |

| STIPULATION AND ORDER REFERRING MATTER TO ALTERNATIVE DISPUTE RESOLUTION | CASE NUMBER: |
|---|---|
| (Check one):    ☐ **UNLIMITED CASE** (Amount demanded exceeds $25,000)    ☐ **LIMITED CASE** (Amount demanded is $25,000 or less) | Date:<br>Time:<br>Location:<br>Assigned Judge: |

The parties hereby stipulate to refer the case to the following Alternate Dispute Resolution Process:

☐ Mediation                                    ☐ Non-binding Private Arbitration
☐ Binding Private Arbitration                  ☐ Private Settlement Conference
☐ Early Neutral Evaluation                     ☐ Judicial Arbitration

The ADR process will be conducted by (name of individual): _____

Provider's Address: _____

Provider's Telephone: _____    Fax: _____    E-mail address: _____
☐ No agreement
The ADR process will be conducted on (date): _____.
☐ No agreement

☐   The parties have reached agreement as to the payment of fees of ADR provider.
☐   The parties have not reached agreement as to the payment of fees of ADR provider.

--------------------------------------------------                --------------------------------------------
Type or print name of ☐ Party without attorney ☐ Attorney for     **(Date and Sign)** Attorney or party without
☐ Plaintiff/Petitioner ☐ Defendant/Respondent/Contestant          attorney (Sign in blue ink)


--------------------------------------------------                --------------------------------------------
Type or print name of ☐ Party without attorney ☐ Attorney for     **(Date and Sign)** Attorney or party without
☐ Plaintiff/Petitioner ☐ Defendant/Respondent/Contestant          attorney (Sign in blue ink)


☐   Additional signatures are attached


CV-7 [Rev. 07-01-11]                    STIPULATION AND ORDER REFERRING MATTER TO ADR              SCR, Rule 16
Form Adopted for Optional Use

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: | |

## ORDER

**A REVIEW HEARING IS SCHEDULED AS FOLLOWS:**

_____        _____
              Date                   Time

All parties must appear at the Review Hearing.  In the event that the case is settled and a dismissal, a notice of settlement or a judgment is filed at least 3 court days before the scheduled Review Hearing, the Review Hearing will be dropped  and no one should  appear. You must check the phone message at _____or go to http://sonoma.courts.ca.gov/online-services/tentative-rulings where the tentative dispositions will be posted the day before you are scheduled to come to court to determine if you must appear.

**THE FIRST ATTORNEY OR PARTY LISTED  MUST FILE PROOF OF SERVICE OF A COPY OF THIS ORDER ON ALL PARTIES.**

_____        _____
              Date                JUDGE OF THE SUPERIOR COURT

# Exhibit 2

Jason A. Geller (SBN 168149)
E-Mail: jgeller@fisherphillips.com
Juan C. Araneda (SBN 213041)
E-Mail: jaraneda@fisherphillips.com
Jessica A. Taylor (SBN 301708)
E-Mail: jataylor@fisherphillips.com
FISHER & PHILLIPS LLP
One Montgomery Street, Suite 3400
San Francisco, California 94104
Telephone: (415) 490-9000
Facsimile:  (415) 490-9001

Attorneys for Defendants
WALMART INC., and WAL-MART ASSOCIATES, INC.

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

### FOR THE COUNTY OF SONOMA

| | |
|---|---|
| ANA ANGUIANO-TAMAYO,<br><br>Plaintiff,<br><br>v.<br><br>WALMART INC; WAL-MART ASSOCIATES, INC.; and DOES 1 through 20, inclusive,<br><br>Defendants. | CASE NO.:  SCV-273505<br>*[Unlimited Jurisdiction]*<br><br>*Assigned for all purposes to the Honorable Patrick Broderick, Dept. 16*<br><br>**ANSWER OF DEFENDANTS WALMART INC. AND WAL-MART ASSOCIATES, INC., TO PLAINTIFF'S COMPLAINT AND AFFIRMATIVE DEFENSES; JURY DEMAND**<br><br>Complaint Filed: June 15, 2023<br>Trial Date:        None Set |

1

ANSWER OF DEFENDANTS WALMART INC. AND WAL-MART ASSOCIATES, INC., TO PLAINTIFF'S COMPLAINT AND AFFIRMATIVE DEFENSES; JURY DEMAND

FP 47578114.2

Defendant WALMART INC., and WAL-MART ASSOCIATES, INC. (collectively "Defendants") hereby answer the Complaint ("Complaint") filed by Plaintiff ANA ANGUIANO-TAMAYO ("Plaintiff"):

## GENERAL AND SPECIFIC DENIALS

Pursuant to the provisions of California Code of Civil Procedure section 431.30(d), Defendants deny, generally and specifically, each and every allegation contained in the Complaint, and further deny that Plaintiff has been damaged in the amount or amounts alleged therein, or in any other amount, or at all, by reason of any act or omission on the part of Defendants, or by any act or omission by any agent or employee of Defendants. Defendants further deny, generally and specifically, that Plaintiff is entitled to any relief whatsoever.

## AFFIRMATIVE DEFENSES

Defendants assert the following affirmative defenses to the Complaint. In asserting these defenses, Defendants do not assume the burden of proof as to matters that, pursuant to law, are Plaintiff's burden to prove.

## FIRST AFFIRMATIVE DEFENSE
### (Failure to State a Cause of Action)

The Complaint, and each and every cause of action alleged therein, fails to state facts sufficient to constitute a cause of action for which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE
### (Adequate Remedy at Law)

Plaintiff is barred from any injunctive relief sought because Plaintiff has adequate remedies at law.

## THIRD AFFIRMATIVE DEFENSE
### (After-Acquired Evidence)

The Complaint, and each and every cause of action alleged therein, is barred, or any damages reduced, by after-acquired evidence.

///

///

2

ANSWER OF DEFENDANTS WALMART INC. AND WAL-MART ASSOCIATES, INC., TO PLAINTIFF'S COMPLAINT AND AFFIRMATIVE DEFENSES; JURY DEMAND

FP 47578114.2

## FOURTH AFFIRMATIVE DEFENSE

### (Appropriate Remedial Action Taken by Employer)

The Complaint, and each and every cause of action alleged therein, is barred, in whole or in part, because Defendants took all reasonable steps to prevent any alleged discrimination, harassment, and/or retaliation once Defendants were made aware of Plaintiff's Complaints.

## FIFTH AFFIRMATIVE DEFENSE

### (Avoidable Consequences)

The Complaint, and each and every cause of action alleged therein, is barred by the avoidable consequences doctrine.

## SIXTH AFFIRMATIVE DEFENSE

### (Business Necessity)

Any and all wrongful conduct alleged by Plaintiff was necessitated due to business necessity.

## SEVENTH AFFIRMATIVE DEFENSE

### (Lack of Knowledge)

The Complaint, and each and every cause of action alleged therein, is barred, or any damages reduced because Defendants lacked knowledge that Plaintiff was allegedly retaliated against.

## EIGHTH AFFIRMATIVE DEFENSE

### (Consent)

Defendants are informed and believe, and thereon alleges, that Plaintiff expressly or implicitly consented to the alleged conduct complained of and is therefore precluded from recovering any damages.

## NINTH AFFIRMATIVE DEFENSE

### (Estoppel)

The Complaint, and each and every cause of action alleged therein, is barred by the doctrine of estoppel.

## TENTH AFFIRMATIVE DEFENSE

### (Unreasonable Perception of Conduct)

Plaintiff's claims are barred because her perception of conduct alleged to constitute harassment was not reasonable.

3

ANSWER OF DEFENDANTS WALMART INC. AND WAL-MART ASSOCIATES, INC., TO PLAINTIFF'S COMPLAINT AND AFFIRMATIVE DEFENSES; JURY DEMAND

FP 47578114.2

## ELEVENTH AFFIRMATIVE DEFENSE

### (Conduct Not Sufficiently Severe or Pervasive)

Plaintiff's claims are barred because alleged incidents of harassment were not sufficiently severe or pervasive so as to alter the terms and conditions of Plaintiff's employment and create an abusive work environment.

## TWELFTH AFFIRMATIVE DEFENSE

### (Pre-Existing Cause)

To the extent that Plaintiff claims to have suffered any symptoms of mental or emotional distress or injury, Defendants allege on information and belief that such symptoms or injuries were the result of one or more pre-existing psychological or medical disorders or conditions, or alternative concurrent causes, and not the proximate result of any act or omission of Defendants.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Failure to Exhaust Administrative Remedies)

The Complaint, and each and every cause of action alleged therein, is barred, or any damages reduced by Plaintiff's failure to exhaust administrative remedies.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate Damages)

Plaintiff failed to take reasonable steps and make reasonable expenditures to reduce Plaintiff's claims, damages, losses, if any, and that said failure to mitigate Plaintiff's damages bars or reduces any claims, losses, or damages.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Good Faith but Mistaken Belief)

The Complaint, and each and every cause of action alleged therein, is barred as Defendants' alleged actions were justified by its good faith but mistaken belief.

## SIXTEENTH AFFIRMATIVE DEFENSE

### (Laches)

The Complaint, and each and every cause of action alleged therein, is barred by the doctrine of laches.

4

ANSWER OF DEFENDANTS WALMART INC. AND WAL-MART ASSOCIATES, INC., TO PLAINTIFF'S COMPLAINT AND AFFIRMATIVE DEFENSES; JURY DEMAND

FP 47578114.2

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (No Authorization or Ratification)

Any unlawful or wrongful acts, to the extent they exist, taken by Defendants' agents or employees were outside the course and scope of their authority and such acts, if any, were not authorized, ratified, or condoned by Defendants nor did Defendants know nor should have known of such acts.

## EIGHTEENTH AFFIRMATIVE DEFENSE

### (No Discriminatory Intent-Legitimate Nondiscriminatory Reason)

The Complaint, and each and every cause of action alleged therein, is barred as there was no discriminatory intent as Defendants' alleged actions were based on a legitimate nondiscriminatory reason.

## NINETEENTH AFFIRMATIVE DEFENSE

### (No Punitive Damages Against Corporate Defendants)

Defendants are not liable to Plaintiff for punitive damages because neither Defendants nor any of their officers, directors, or managing agents committed any alleged oppressive, fraudulent, or malicious acts; authorized or ratified any such acts; had advance knowledge of the unfitness, if any, of the employee or employees, if any, who allegedly committed such acts; or employed any such employee or employees with a conscious disregard of the rights or safety of others, as required by California Civil Code section 3294(b).

## TWENTIETH AFFIRMATIVE DEFENSE

### (No Punitive Damages)

Plaintiff's claim for exemplary or punitive damages is barred and invalid on its face and/or as applied to Defendants pursuant to the First, Fifth, Eighth and Fourteenth Amendments to the Constitution of the United States and Article I of the Constitution of the State of California.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

### (Not a Substantial Motivating Reason)

The Complaint, and each and every cause of action alleged therein, is barred as Defendants' alleged actions were not a substantial motivating reason for the alleged adverse employment action.

///

5

ANSWER OF DEFENDANTS WALMART INC. AND WAL-MART ASSOCIATES, INC., TO PLAINTIFF'S COMPLAINT AND AFFIRMATIVE DEFENSES; JURY DEMAND

FP 47578114.2

## TWENTY-SECOND AFFIRMATIVE DEFENSE

### (Plaintiff is Not a Qualified Individual with a Disability)

The Complaint and each purported cause of action therein are barred, in whole or in part, to the extent that Plaintiff is not a qualified individual with a disability within the meaning of the California Fair Employment and Housing Act. Cal. Gov't Code section 12940, et seq.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

### (Same Decision Limits Remedies)

The Complaint, and each and every cause of action alleged therein, is limited as Plaintiff would have been terminated for non-discriminatory reasons based on legitimate business reasons.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

### (Labor Code §2922 – Employment At-Will)

Plaintiff was at all times employed at-will and Plaintiff's employment could be terminated for any or no reason.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

### (Statute of Limitations)

The Complaint, and each and every cause of action alleged therein, is barred by the applicable statute of limitations, including, but not limited to, Government Code sections 12960 and 12965; Code of Civil Procedure sections 335.1, 337, 338, 339, 340 and 343.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

The Complaint, and each and every cause of action alleged therein, is barred by the doctrine of unclean hands.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

### (Waiver)

The Complaint, and each and every cause of action alleged therein, is barred by Plaintiff's waiver.

///

///

///

6

ANSWER OF DEFENDANTS WALMART INC. AND WAL-MART ASSOCIATES, INC., TO PLAINTIFF'S COMPLAINT AND AFFIRMATIVE DEFENSES; JURY DEMAND

FP 47578114.2

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

### (Workers' Compensation)

The Complaint, and each and every cause of action alleged therein, is preempted by the Workers' Compensation Act.

## RESERVATION OF RIGHTS

Defendants may have additional defenses that cannot be articulated due to Plaintiff's failure to particularize Plaintiff's claims, due to the fact that Defendants do not have copies of certain documents bearing on Plaintiff's claims and due to Plaintiff's failure to provide more specific information concerning the nature of the damage claims and claims for certain costs which Plaintiff alleges that Defendants may share some responsibility. Defendants therefore reserve the right to assert additional defenses upon further particularization of Plaintiff's claims, upon examination of the documents provided, upon discovery of further information concerning the alleged damage claims and claims for costs, and upon the development of other pertinent information.

## PRAYER FOR RELIEF

WHEREFORE, Defendants pray for judgment as follows:

1. That Plaintiff takes nothing by way of the Complaint;

2. That judgment be entered against Plaintiff and in favor of Defendants on all causes of action;

3. That Defendants be awarded attorneys' fees and costs of suit incurred herein; and

4. That Defendants be awarded such other and further relief as the Court may deem just and proper.

///

///

///

///

///

///

///

7

ANSWER OF DEFENDANTS WALMART INC. AND WAL-MART ASSOCIATES, INC., TO PLAINTIFF'S COMPLAINT AND AFFIRMATIVE DEFENSES; JURY DEMAND

FP 47578114.2

**DEMAND FOR JURY TRIAL**

Defendants hereby demand a trial by jury in the above-entitled matter.

DATE:  July 19, 2023                                                    FISHER & PHILLIPS LLP


                                                                       By: _____
                                                                           Jason A. Geller
                                                                           Juan C. Araneda
                                                                           Jessica A. Taylor
                                                                           Attorneys for Defendants
                                                                           WALMART INC., and WAL-MART ASSOCIATES,
                                                                           INC.

8

ANSWER OF DEFENDANTS WALMART INC. AND WAL-MART ASSOCIATES, INC., TO PLAINTIFF'S
COMPLAINT AND AFFIRMATIVE DEFENSES; JURY DEMAND

FP 47578114.2

**PROOF OF SERVICE**
**(CCP §§1013(a) and 2015.5)**

I, the undersigned, am at least 18 years old and not a party to this action. I am employed in the County of San Francisco with the law offices of Fisher & Phillips LLP and its business address is One Montgomery Street, Suite 3400, San Francisco, California 94104.

On July 19, 2023, I served the following document(s) **ANSWER OF DEFENDANTS WALMART INC. AND WAL-MART ASSOCIATES, INC., TO PLAINTIFF'S COMPLAINT AND AFFIRMATIVE DEFENSES; JURY DEMAND** on the person(s) listed below by placing ☐ *the original* ☒ *a true copy* thereof addressed as follows:

Lawrence W. Freiman          ***Attorneys for Plaintiff***
FREIMAN LEGAL               ***ANA ANGUIANO-TAMAYO***
100 Wilshire Blvd., Suite 700
Santa Monica, CA 90401       Telephone: (310) 917-1004
                            Facsimile: (310) 300-2603
                            lawrence@freimanlegal.com

☐    **[by MAIL]** - I enclosed the document(s) in a sealed envelope or package addressed to the person(s) whose address(es) are listed above and placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with this business's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service in San Francisco California, in a sealed envelope with postage fully prepaid.

☐    **[VIA ELECTRONIC SERVICE]** - I certify that on the date below, I electronically filed the above document(s) using an authorized electronic filing service provider, **Green Filing LLC**, which will also send notification of such filing to the designated recipients as stated above. The Transaction Receipt is managed by the Court's authorized Case Management System, Odyssey® eFileCA. (*See CCP § 1010.6 and CRC Rules 2.250 through 2.259.*)

☒    **[by ELECTRONIC SERVICE]** - I certify that on the date below, I served the above listed document(s) via electronic mail to the listed recipient(s) email address(es) and such transmission was sent from the following sender: lhamann@fisherphillips.com. I did not receive any electronic message or other indication that the transmission was unsuccessful.

I declare under penalty of perjury, under the laws of the State of California, that the foregoing is true and correct.

Executed July 19, 2023, at San Francisco, California.

Lisa Hamann                    By: _____
Print Name                              Signature

1
PROOF OF SERVICE

FP 47578114.2